UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-14171-CIV-MIDDLEBROOKS/LYNCH

PHILIP J. NASH and ALICE L.
NASH, Husband and Wife,

    Plaintiffs,

v.

CENTOCOR, INC., JOHNSON
& JOHNSON; ORTHO-McNEIL
PHARMACEUTICAL, INC.,
JOHN DOE MANUFACTURERS
A-Z, and JOHN DOE
DISTRIBUTORS A-Z,

    Defendants.
_____/



## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Exceed the Number of Written Interrogatories to 50 and to Exceed the Number of Depositions to More than 10 in Number (DE 28), filed December 9, 2004. The Court has reviewed the record and is otherwise fully advised in the premises.

Plaintiffs move the Court pursuant to Federal Rules of Civil Procedure, Rule 33(a) and 30(a)(2)(A) for leave to exceed the number written interrogatories and depositions in this case. In support of their motion, Plaintiffs state that this is a complex pharmaceutical product liability action, and that critical information is in the exclusive control of the Defendant manufacturer. (Motion ¶ 1). Plaintiffs further contend that granting this leave would streamline the discovery process and promote efficiency. (*Id.* at ¶ 2.)

1

Defendants argue that the motion should be denied because the discovery sought is unreasonably cumulative and already available to Plaintiffs, and because Plaintiffs have failed to demonstrate the necessity for this additional discovery. (Memo. in Opp. ¶ 3.) Defendants state that Plaintiff's counsel "is engaged in several companion matters against defendants which arise out of the same allegations" and in which she has "served extensive written discovery on defendants" over a period of nineteen months. (*Id.* at ¶ 2.) Defendants further state that as a result, Plaintiff's counsel "has obtained a plethora of information and documents pertaining to Remicade® ... including . . . its formulation, development, manufacture, testing, labeling, promotion, marketing and distribution." (*Id.*) Defendants have already produced thousands of pages of documents and submitted to hours of deposition of several of their corporate representatives. (*Id.*) Lastly, the parties have agreed that this discovery may be used in the instant case. (*Id.*) Plaintiffs have not disputed these contentions.

The Federal Rules of Civil Procedure provide that leave to grant additional interrogatories and depositions "shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Fed.R.Civ.P. 33(a) and 30(a)(2)(A). Pursuant to Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The Court finds that Plaintiffs have failed to make any specific showing to justify exceeding the

2

number of interrogatories or deposition in this case at this stage of the litigation, particularly given that Plaintiff's counsel has access to extensive discovery from other matters which she may use in this case. The discovery sought, then, may very well be cumulative or duplicative, and obtainable from some other source that is more convenient, less burdensome, and less expensive. The Court therefore finds that Plaintiffs' request, at this time, is not consistent with the principles of Rule 26(b)(2).

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Exceed the Number of Written Interrogatories to 50 and to Exceed the Number of Depositions to More than 10 in Number (DE 28) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of January 2005.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record