FILED by ___ D.C.
ELECTRONIC

Mar 25 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO: 04-14171-CIV-MIDDLEBROOKS/LYNCH

PHILIP J. NASH and ALICE L. NASH, Husband and Wife,

    Plaintiffs,

vs.

CENTOCOR, INC.; JOHNSON & JOHNSON; ORTHO-McNEIL PHARMACEUTICAL, INC.; MANUFACTURES A-Z, DISTRIBUTORS A-Z,

    Defendants.
_____/

## MOTION TO EXCLUDE TREATING PHYSICIANS FROM REQUIREMENT OF PREPARING REPORTS

The Plaintiffs, Philip J. Nash and Alice L. Nash, by and through their undersigned counsel, move before this Court for an Order excluding Plaintiff's treating physicians from any requirement of preparing expert opinion reports as set forth in Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure (and Local Rule 16.1(K)). In support of their Motion, Plaintiffs attach their Memorandum.

WHEREFORE, based on the attached Memorandum, Plaintiff prays this Court grant this Motion to exclude Plaintiff's treating physicians from any requirement of preparing expert opinion reports, and for such other and further relief as this court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U. S. Mail, this 25th day of March, 2005 to: Cindi Anne Solomon, Esq., Motley Rick,

33/tb

LLP, 28 Bridgside Blvd., P.O. Box 1792, Mt. Pleasant, South Carolina 29465, and Jeffrey B. Shapiro, Esq. and Neville M. Leslie, Esq., Arnstein & Lehr, LLP, 201 S. Biscayne Blvd., Suite 400, Miami, FL 33131.

        RICCI~LEOPOLD, P.A.
        2925 PGA Blvd.; Suite 200
        Palm Beach Gardens, FL 33410
        Phone: 561-684-6500; Fax: 561-697-2383
        SKuvin@riccilaw.com

        By: s/Spencer Kuvin, Esq.
            FBN 089737

Cindi Solomon, Esq.
Facsimile Number: 843-216-9430

Jeffrey B. Shapiro, Esq.
Neville M. Leslie, Esq.
Facsimile Number: 305-374-4744

Spencer Kuvin, Esq.
Facsimile Number: 561-697-2383

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:  CASE NO: 04-14171-CIV-MIDDLEBROOKS/LYNCH

PHILIP J. NASH and ALICE L. NASH, Husband
and Wife,

      Plaintiffs,

vs.

CENTOCOR, INC.; JOHNSON & JOHNSON;
ORTHO-McNEIL PHARMACEUTICAL, INC.;
MANUFACTURES A-Z, DISTRIBUTORS A-Z,

      Defendants.
_____/

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO EXCLUDE TREATING PHYSICIANS FROM REQUIREMENT OF
PREPARING REPORT**

I. INTRODUCTION

    The instant case is one for products liability arising from Plaintiff, Alice Nash's use of Remicade which caused serious injuries. In March 2000, Brian McKnight, M.D. ("Dr. McKnight") prescribed Remicade for Plaintiff's rheumatoid arthritis. She began Remicade infusions beginning on March 17, 2001 and continuing through April 25, 2002. Two days after the last infusion on April 25th, Plaintiff suddenly became seriously ill and was diagnosed with tuberculosis. Dr. McKnight and Darrell Fiske, M.D. ("Dr. Fiske") were among Plaintiff's treating rheumatologists before and after her Remicade use.

    The Plaintiffs expect to call Dr. McKnight and Dr. Fiske as witnesses to testify at trial and have previously disclosed this fact to the Defendant. The Plaintiff expects that both

physicians will testify as to the nature of Plaintiff's injuries, the treatment each was rendered to Plaintiff, and their prognoses of Plaintiff's condition.

II.  ARGUMENT

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure (and Local Rule 16.1(K)) requires a party to disclose the identity of any potential trial witness who will give evidence under Rules 702, 703, or 705, of the Federal Rules of Evidence; i.e., expert witnesses. However, a detailed written report is not required to be furnished with respect to every such witness. Rather, Fed.R.Civ.P. (a)(2)(B) requires a written report only with respect to "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony."

The Advisory Committee to the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure specifically recognized that a treating physician is one type of expert witness who may testify at trial without a Rule 26(a)(2)(B) report having been submitted. The Advisory Committee's notes state that "(a) treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

Dr. Fiske and Dr. McKnight, of course, will be compensated for their time in connection with their trial testimony. Additionally, as the court stated in Hall v. Sykes, 164 F.R.D. 46 (E.D. Va. 1995), "(m)erely paying a fee to a treating physician to attend a deposition or to testify in court does not make that treating physician a specially retained or employed expert so as to required the preparation of a written report." Id. at 48. Dr. Fiske and Dr. McKnight each commenced treatment of Plaintiff in the ordinary course of their medical practice on referrals from her primary physician, not on a referral from counsel. See Hall v. Sykes, 164 F.R.D. at 49 (a reference by an attorney to a physician from treatment creates the appearance that the

physician was specially retained to provide expert testimony). The fact the Dr. Fiske and Dr. McKnight will now be called as witnesses by counsel to support Plaintiff's case clearly does not make them "retained or specially employed" within the meaning of Rule 26(a)(2)(B).

The first aspect of Dr. Fiske's and Dr. McKnight's testimonies will concern their care and treatment of the Plaintiff. They may discuss the causes of Plaintiff's tuberculosis. There can be no serious argument that this testimony implicates the report requirement of Rule 26(a)(2)(B). As was stated in Wreath v. United States, 161 F.R.D. 448, remanded (DC Kan.) 897 F.Supp. 517, (D.C.Kan. 1995): "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed.R.Evid. 702, 703, 705." Id. at 450.

In the present case, Dr. Fiske's and Dr. McKnight's testimony will not be limited to the details of their care and treatment of the Plaintiff, since they are expected to testify as to their prognoses of Plaintiff's condition. However, neither aspect of their expected testimony renders them subject to the requirements of Rule 26(a)(2)(B).

As one court has stated, "courts have routinely held that because a treating physician considers not just the Plaintiff's diagnosis and prognosis, but also the cause of the Plaintiff's injuries, opinions as to the cause of injuries do not require a written report if based on their examination or treatment of the patient." Brown v. Best Foods, (N.D. Ala. 1996)(quotations and citation omitted). See, e.g., Salad v. United States, 165 F.R.D. 31 (W.D.N.Y. 1995); Hall v. Sykes, 164 F.R.D. 46, (E.D. Va. 1995); Baker v. Taco Bell Corp., 163 F.R.D. 348 (D.C. CO. 1995). Thus, the key question in such a situation is whether the treating physicians acquired their opinions as to the cause of Plaintiff's injuries directly through the doctors' treatment of the

Plaintiff. Salas v. United States, 165 F.R.D. 31 (W.D.N.Y. 1995). See also Patel v. Gayes, 984 F.2d 214 (7th Cir.1993) (treating physicians' opinions as to the standard of care were subject to (pre-amendment) Rule 26 disclosure requirement because they were based partially on evidence obtained outside the course of treatment of Plaintiff).

Applying the test set forth above, Drs. Fiske and McKnight are clearly not retained experts for the purposes of Rule 26(a)(2)(B). Both are rheumatologists and there is no question that they treated Plaintiff in the area of their specialty. See Salas v. United States, 165 F.R.D. 31 (W.D.N.Y. 1995). The Plaintiff was sent to Dr. Fiske and Dr. McKnight by her primary care physician, and their opinions as well as their prognoses, will be derived directly from information acquired during their examination and treatment of the Plaintiff, and not from information acquired from outside sources for the purpose of giving testimony at trial.

III. CONCLUSION

Since Dr. Fiske and Dr. McKnight are or have been Plaintiff's treating physicians, and since their testimony at trial will be based strictly on their care and treatment of the Plaintiff, they are not "retained or specially employed" within the meaning of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and therefore "cannot be forced to file the written report required by Rule 26(a)(2)(B)." Salas v. United States, 165 F.R.D. 31 (W.D.N.Y. 1995). This Court should thus enter its Order that Dr. Fiske and Dr. McKnight may testify at trial without having to prepare and submit a written expert report.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by facsimile and U. S. Mail, this 25th day of March, 2005 to: Cindi Anne Solomon, Esq., Motley Rick, LLP, 28 Bridgside Blvd., P.O. Box 1792, Mt. Pleasant, South Carolina 29465, and Jeffrey B. Shapiro, Esq. and Neville M. Leslie, Esq., Arnstein & Lehr, LLP, 201 S. Biscayne Blvd., Suite 400,

Miami, FL  33131.

                            RICCI~LEOPOLD, P.A.
                            2925 PGA Blvd.; Suite 200
                            Palm Beach Gardens, FL  33410
                            Phone: 561-684-6500; Fax:  561-697-2383
                            SKuvin@riccilaw.com

                            By:  s/Spencer Kuvin, Esq.
                                FBN 089737

Cindi Solomon, Esq.
Facsimile Number:  843-216-9430

Jeffrey B. Shapiro, Esq.
Neville M. Leslie, Esq.
Facsimile Number:  305-374-4744

Spencer Kuvin, Esq.
Facsimile Number:  561-697-2383

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO: CASE NO: 04-14171-CIV-MIDDLEBROOKS/LYNCH

PHILIP J. NASH and ALICE L. NASH, Husband
and Wife,

        Plaintiffs,

vs.

CENTOCOR, INC.; JOHNSON & JOHNSON;
ORTHO-McNEIL PHARMACEUTICAL, INC.;
MANUFACTURES A-Z, DISTRIBUTORS A-Z,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE TREATING PHYSICIANS FROM REQUIREMENT OF PREPARING REPORTS

THIS CAUSE has come before the Court upon Plaintiffs' Motion to Exclude Treating Physicians From Requirement of Preparing Reports in the above-styled case. The Court being fully advised, it is

ORDERED AND ADJUDGED that said motion be, and the same is hereby _____.

DONE and ORDERED in chambers at the United States District Courthouse, Ft. Pierce, Florida, this _____ day of _____, 2005.

                                            Donald M. Middlebrooks
                                            United States District Court Judge

cc:    Spencer Kuvin, Esq.        Cindi Solomon, Esq.
        Fax: 561-697-2383           Fax: 843-216-9430

        Jeffrey B. Shapiro, Esq.
        Neville M. Leslie, Esq.
        Fax: 305-374-4744