UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-14171-CIV-MIDDLEBROOKS/LYNCH

PHILIP J. NASH and ALICE L. NASH,
Husband and Wife,

    Plaintiffs,

v.

CENTOCOR, INC., JOHNSON & JOHNSON;
ORTHO-McNEIL PHARMACEUTICAL, INC.,
JOHN DOE MANUFACTURERS A-Z,
and JOHN DOE DISTRIBUTORS A-Z,

    Defendants.
_____/

FILED by ____ D.C.
APR 20 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Exclude Treating Physicians From Requirement of Preparing Reports (DE 33), filed March 25, 2005. The Court has reviewed the record and is otherwise advised in the premises.

This is a products liability action arising out of injuries allegedly caused by the use of a treatment for rheumatoid arthritis. Plaintiffs advise the Court that they intend to call two of Plaintiff's treating rheumatologists as witnesses to testify at trial: Brian McKnight and Darrell Fiske. These witnesses will testify as to the nature of Plaintiff's injuries, the treatment rendered, and their prognoses of Plaintiff's condition.

Plaintiffs move to relieve these physicians from having to prepare a written report pursuant to Rule 26, Federal Rules of Civil Procedure, and Local Rule 16.1(K), on the basis that they are not retained experts for the purposes of the rule. Defendants have not objected to this

1

motion.

Rule 26 provides that the disclosure expert testimony shall, absent stipulation or direction by the court, be accompanied by a written report "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony [.]" Fed.R.Civ.P. 26(a)(2)(B).

Plaintiffs advise that each of these physician witnesses began treatment of Plaintiff in the ordinary course of their medical practice, within the area of their specialty, on referrals from her primary physician, not a referral from counsel. Plaintiffs further advise that their testimony will be derived directly from information acquired during their examination and treatment of Plaintiff.

Based on the foregoing, the Court finds that Dr. McKnight and Dr. Fiske are not retained expert witnesses required to produce written reports under Rule 26, and, consequently, Local Rule 16.1(K). *See, e.g., Brown v. Best Foods,* 169 F.R.D. 385, 387 (N.D.Ala. 1996).

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion to Exclude Treating Physicians From Requirement of Preparing Reports (DE 33) is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 20 day of April 2005.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record

2